IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **LORENZO FLEMMINGS,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL ACTION 07-00103-CG-B |
| | ) |
| **DAVID O. STREIFF,** *et al.*[1], | ) |
| | ) |
| Respondents. | ) |

### REPORT AND RECOMMENDATION

This is an action brought pursuant to 28 U.S.C § 2241 by Lorenzo Flemmings, a citizen and native of Jamaica, who has been detained by the U.S. Department of Homeland Security, Immigration and Customs Enforcement ("ICE") at the Perry County Correctional Center in Uniontown, Alabama. (Doc. 1). In an Order dated February 14, 2007 (Doc. 2), Petitioner was ordered to pay the $5.00 filing fee or, in lieu thereof, file a motion to proceed without prepayment of fees no later than March 13, 2007. Additionally, the Clerk was directed to mail to Petitioner a form for a motion to proceed without prepayment of fees. (Id.)

On February 28, 2007, Petitioner filed a motion to proceed without prepayment of fees. (Doc. 3). In an Order dated March 13,

---

[1] The Court has added David O. Streiff, warden of the Perry County Correctional Facility, as a Respondent. According to 28 U.S.C. § 2242 and the longstanding custodian rule, the warden of the facility housing the petitioner is the proper Respondent in an action challenging present confinement under Section 2241. Rumsfeld v. Padilla, 542 U.S. 426, 435, 124 S.Ct. 2711, 2718, 28 L.Ed.2d (2004).

1

2007, Petitioner's motion to proceed without prepayment of fees was denied as deficient because it did not include the statutorily required copy of the institutional record of Petitioner's inmate account reflecting transactions in his account for the three-month period immediately preceding the filing of his habeas petition. (Doc. 4). Accordingly, Petitioner was granted leave to re-file his motion by April 13, 2007, and was directed to include the institutional record of his prison account reflecting transactions in his account for the three-month period immediately preceding the filing of his habeas petition. Petitioner was cautioned that his failure to comply with the Court's Order within the prescribed time would result in the dismissal of this action for failure to prosecute and to obey the Court's Order (Id.)  On March 22, 2007, Plaintiff's copy of the Court's March 13th Order and the Court's form were returned as "undeliverable." (Doc. 5).  To date, Petitioner has not re-filed his motion to proceed without prepayment of fees, nor has he paid the $5.00 filing fee. In addition, no notice of change of address has been filed with the Court.

Due to Petitioner's failure to comply with the Court's Order and to prosecute this action, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser

sanction will suffice. Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983). Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir.) (finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

    The attached sheet contains important information regarding objections to this Report and Recommendation.

    DONE this **10th** day of **December, 2007.**

                                /s/ SONJA F. BIVINS
                              **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(c); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

   A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is

necessary is required before the United States will pay the cost of the transcript.

    DONE this **10th** day of **December, 2007.**

                                        **/s/ SONJA F. BIVINS**
                                  **UNITED STATES MAGISTRATE JUDGE**